# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT WYATT WILBURN, # 682460,

        Petitioner,

v.                                            Case No. 10-cv-14596
                                              Honorable Arthur J. Tarnow

LLOYD RAPELJE,

        Respondent.

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

      Robert Wyatt Wilburn ("Petitioner"), currently confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his convictions for one count of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS §750.520(b)(1)(A), and two counts of second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520 (c)(1)(A). The alleged victim was under the age of thirteen.

      Petitioner was sentenced to concurrent prison terms of ten to twenty years for the one count of CSC I conviction and ten to fifteen years for the two counts of CSC II convictions. In his pleadings, he requests that the Court stay his habeas-corpus proceedings in order to permit him to return to the state courts to exhaust the unexhausted claims presented in this petition.

      For the reasons stated below, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion, in order to permit Petitioner to return to the state courts and exhaust his additional claims. The Court will also administratively close the case.

I.   BACKGROUND

Petitioner was convicted of the above-stated offenses following a jury trial in the Livingston County Circuit Court. His convictions were affirmed on appeal. *People v. Wilburn*, No. 286019, 2009 WL 3930533 (Mich.Ct.App. Nov. 19, 2009). Petitioner failed to file an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court within the fifty-six-day requirement.

On November 18, 2010, Petitioner filed this habeas petition. He seeks habeas relief on the grounds raised in his direct appeal with the Michigan Court of Appeals: (1) the trial court erred in admitting evidence made by the Complainant, and (2) the trial court improperly instructed the jury. Petitioner also seeks relief on two additional grounds: (3) prosecutorial misconduct, and (4) ineffective assistance of trial counsel. Petitioner requests that the Court hold the habeas petition in abeyance so that he can return to the state courts to raise the additional unexhausted claims.

II.   DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or

2

state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas-corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden to show that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he must show cause (1) for failing to raise his unexhausted claims on his delayed application for leave to appeal to the Michigan Court of Appeals and (2) prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he must make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals advises that it is preferable for a district court to hold further proceedings on a habeas-corpus petition pending exhaustion rather than dismiss the

3

petition without prejudice.  *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state-court remedies).

The Court grants Petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust.  The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA).  See 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by
the AEDPA's statute of limitations.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

The United States Supreme Court suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 275-76).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Further, Petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, n.4 & 5. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting state-court remedies, this Court imposes time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F.3d at 721; *see also Geeter v. Bouchard*, 293 F.Supp.2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Livingston County Circuit Court under Mich.Ct.R. 6.502. *See Wagner*, 581 F.3d at 419; *see also Mikko v. Davis*, 342 F.Supp.2d 643, 646 (E.D. Mich. 2004). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Petitioner is required to appeal the denial of his post-conviction motion to

the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See* e.g., *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that further proceedings in this case are held in abeyance pending exhaustion of state-court remedies. The case shall be held in abeyance provided that (I) Petitioner presents his unexhausted claims to the state court within ninety (90) days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 8, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary